**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL RENE SHERRILL,

      Petitioner - Appellant,

v.

STEVE HARGETT,

      Respondent - Appellee.

No. 99-5042

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 96-CV-954-H)**

---

Michael Rene Sherrill, Pro Se.

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

     After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Petitioner Michael Rene Sherrill, an Oklahoma state prisoner proceeding

pro se, appeals from the district court's order denying his petition for a writ of habeas corpus, filed in accordance with 28 U.S.C. § 2254. Mr. Sherrill requests a certificate of appealability, which we deny.

## I.

On December 18, 1987, a jury in Tulsa County District Court convicted petitioner of First Degree Burglary, First Degree Rape, Attempted Forcible Sodomy, and Robbery by Force. The court sentenced petitioner, cumulatively, to seventy-seven years in prison. The Oklahoma Court of Criminal Appeals affirmed his convictions on April 12, 1991. In 1995, petitioner sought post-conviction relief in the state courts, arguing that: (1) the court presented an improper instruction to the jury; (2) his trial counsel was constitutionally ineffective by failing to object to that instruction; and (3) his appellate counsel was ineffective for failing to challenge the instruction's constitutionality on direct appeal. The state courts denied petitioner's application for post-conviction relief, finding his jury instruction claim procedurally barred because petitioner failed to raise it on direct appeal. The state courts further found that he was not deprived of effective assistance of counsel.

On October 17, 1996, Mr. Sherrill filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Oklahoma. The habeas petition raises the same claims presented to the state courts in

petitioner's application for post-conviction relief. The district court denied the §
2254 petition, finding Mr. Sherrill's jury instruction and ineffective assistance of
trial counsel claims procedurally barred and his ineffective assistance of appellate
counsel claim without merit. On appeal, petitioner argues that the district court
erred in denying his § 2254 petition. [1]

## II.

Petitioner first argues that the district court erred in finding that his state
procedural default barred federal habeas review of his jury instruction claim. It is
well established that federal habeas review of claims defaulted in state court
pursuant to an independent and adequate state procedural rule is barred "unless
the prisoner can demonstrate cause for the default and actual prejudice as a result
of the alleged violation of federal law, or demonstrate that failure to consider the
claims will result in a fundamental miscarriage of justice." Coleman v.
Thompson, 501 U.S. 722, 750 (1991). "A state procedural ground is independent
if it relies on state law, rather than federal law, as the basis for the decision."
English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). "For the state ground to
be adequate, it must be strictly or regularly followed and applied evenhandedly to
all similar claims." Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998)

---

[1] Petitioner has abandoned his ineffective assistance of trial counsel claim
on appeal.

(internal quotation marks and citations omitted). In this case, Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground barring review of petitioner's jury instruction claim. See Odum v. Boone , 62 F.3d 327, 331 (10th Cir. 1995); Steele v. Young , 11 F.3d 1518, 1522 (10th Cir. 1993). Petitioner therefore is not entitled to habeas review of his jury instruction claim unless he can show cause and prejudice justifying his state procedural default. [2]

Petitioner claims that his failure to raise the jury instruction issue on direct appeal was attributable to his appellate counsel's deficient performance. "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." Hickman , 160 F.3d at 1272. "Because the same legal standards govern petitioner's underlying claim of ineffective assistance of counsel and his closely related burden to show cause for his state law procedural default, we must determine whether petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim." Id. at 1273.

## III.

_____

[2] Mr. Sherrill cannot show that denying review of his claim based on his state procedural default will result in a fundamental miscarriage of justice because to meet this standard, "the petitioner must supplement his habeas claim with a colorable showing of factual innocence." Demarest v. Price , 130 F.3d 922, 941 (10th Cir. 1997). Petitioner has not presented evidence of his innocence.

"Claims of ineffective assistance of counsel present mixed questions of law and fact which we review de novo." Newsted v. Gibson, 158 F.3d 1085, 1090 (10th Cir. 1998). To prevail on an ineffective assistance of counsel claim, petitioner must show: "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance was prejudicial to his defense." Hickman, 160 F.3d at 1273 (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). To satisfy the first part of the Strickland test, "petitioner must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). "We review petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he rendered his legal services, *not in hindsight*." Id. (emphasis added). Moreover, in examining counsel's performance, we focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Chronic, 466 U.S. 648, 665 n.38 (1984). To meet the second part of the Strickland test, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

At petitioner's trial, the court presented an instruction to the jury that included a statement that petitioner was "presumed to be not guilty" in lieu of the

language in the uniform Oklahoma instruction which provides that a criminal defendant is presumed "innocent." Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when his appellate counsel failed to challenge the constitutionality of the jury instruction. In support of his argument, petitioner relies on Flores v. State, 896 P.2d 558, 562 (Okla. Crim. App. 1995), in which the Oklahoma Court of Criminal Appeals found unconstitutional the use of an instruction nearly identical to that presented at petitioner's trial. However, Flores was decided over three years after petitioner's direct appeal was completed and his conviction became final. Generally, counsel is not ineffective for failing to anticipate arguments or appellate issues that only blossomed after defendant's trial and appeal have concluded. See Jameson v. Coughlin, 22 F.3d 427, 429 (2d Cir. 1994) (finding failure to challenge a lower court's reasonable interpretation of state law was not constitutionally deficient, even though that interpretation was later overruled by the New York Court of Appeals); Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court.").

Nonetheless, petitioner asserts that the basis of reversal recognized in Flores was obvious and should have been apparent to his appellate counsel even before Flores was decided. We disagree. In Flores, the Oklahoma Court of

- 6 -

Criminal Appeals noted that it had found only one other case involving an instruction that the defendant was presumed "not guilty." In that case, the instruction was upheld. See 896 P.2d at 562 n.7 (citing City of Bucyrus v. Fawley, 552 N.E.2d 676 (Ohio Ct. App. 1988)). Given the absence of specific authority to the contrary, it was reasonable for petitioner's appellate counsel to rely on the general principle that an instruction using the particular phrase "presumption of innocence" is not required to preserve a criminal defendant's constitutional right "to have his guilt or innocence determined solely on the basis of the evidence introduced at trial." See Taylor v. Kentucky, 436 U.S. 478, 485-86 (1978). While a presumption of innocence instruction helps guard that right, see id. at 486, whether the right was violated depends on the totality of the circumstances of the case, see Kentucky v. Whorton, 441 U.S. 786, 789 (1979). Counsel's failure to forecast an appellate court's finding of constitutional violation in the circumstances of this case did not constitute performance falling "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. The alleged constitutional violation was certainly not obvious at petitioner's trial. [3] Moreover, appellate counsel is not constitutionally required to

---

[3]The Kansas Supreme Court's recent disagreement with the holding of the Oklahoma Court of Criminal Appeals in Flores strengthens our conclusion. In State v. Pierce, 927 P.2d 929, 936 (Kan. 1996), the Kansas Supreme Court held that a "not guilty" instruction preserved defendant's presumption of innocence. This split in authority suggests the issue is hardly as clear as petitioner suggests.

raise every nonfrivolous or colorable issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Lafevers v. Gibson, __F.3d__, No. 98-6302, 1999 WL 394508, at *16-17 (10th Cir. 1999). Petitioner's ineffective assistance of appellate counsel claim therefore has no merit and cannot constitute "cause" for his procedural default in state court.

## IV.

Because petitioner procedurally defaulted his jury instruction claim and his ineffective assistance claim is without merit, he has failed to make "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2). Accordingly, we DENY Mr. Sherrill's request for a certificate of appealability. The appeal is DISMISSED.