**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SHARON ALLEN,

    Defendant-Appellant.

No. 98-5249
(D.C. No. 98-CV-382-H)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge, **LUCERO**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.[1]

Sharon Allen was charged in the United States District Court for the Northern District of Oklahoma with three counts of uttering a forged instrument in violation of 18

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Neither party requested oral argument, but both agreed to participate in oral argument "if the court deems it beneficial."

U.S.C. § 513(a) and three counts of engaging in a monetary transaction with criminally derived property in violation of 18 U.S.C. § 1957(a). A jury convicted her on all six counts and she was sentenced to imprisonment for 74 months to be followed by three years of supervised release. On direct appeal, Allen's several convictions and the sentence imposed thereon were affirmed by this court. *United States v. Allen,* 129 F.3d 1159 (10th Cir. 1997).

On May 22, 1998, Allen filed in the United States District Court for the Northern District of Oklahoma a motion pursuant to 28 U.S.C. § 2255, alleging therein that her "trial counsel was ineffective under *Strickland v. Washington,*" 466 U.S. 668 (1984) which resulted in "prejudice," and she requested "relief," including but not limited to "a new trial, judgment of acquittal on the money laundering counts, or a sentence reduction based on downward departure due to ineffective assistance of counsel." In her motion Allen alleged that her trial counsel was constitutionally ineffective because he did not object to an instruction and also because, prior to trial and during trial, he "divulged the defendant's entire case," all to Allen's prejudice.

The judge in the 2255 proceeding, who also presided over the trial, ordered the United States to file a response to Allen's 2255 motion, which it did. Allen thereafter filed a reply to the United States' response.

The district court held a hearing on Allen's 2255 motion on September 17, 1998. So far as we can tell, no testimony was taken at the hearing and the district court decided

the matter on the pleadings. In any event, the district court on November 12, 1998, denied Allen's 2255 motion and later denied Allen's request for a certificate of appealability. Allen now appeals the district court's denial of her 2255 motion. On June 3, 1999, this court granted Allen a certificate of appealability "as to the issues raised in her opening brief" and ordered the United States to file an answer brief, which it has. Allen later filed a reply brief.

18 U.S.C. § 1957 provides in pertinent part as follows:

**§ 1957. Engaging in monetary transactions in property derived from specified unlawful activity**

(a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

. . . . . . . . . .

(f) As used in this section–

(1) the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution;

(2) the term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense; and

(3) the term "specified unlawful activity" has the meaning given that term in section 1956 of this title.

(emphasis added)

Without objection, the district court in Allen's trial instructed the jury, *inter alia,* as follows:

> It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce, <u>or that commerce was actually affected</u>. All that is necessary is that the natural and probable consequences of the defendant's actions would be to affect interstate or foreign commerce, no matter how minimal. (emphasis added)

As indicated, after her conviction in the district court Allen, represented by counsel other than her trial counsel, perfected an appeal to this court. On appeal, appellate counsel challenged the instruction above quoted, contending that the instruction was erroneous insofar as it stated that it was not necessary for the government to show "that commerce was actually affected," and that such constituted "plain error" and required reversal even though trial counsel had not objected to the instruction.

On appeal, we held in *Allen* that the instruction in question was erroneous and that the "better view is to consider the 'affecting interstate or foreign commerce' requirement of section 1957 as both jurisdictional and an essential element of the offense." 129 F.3d at 1163. In thus holding, we noted, however, that we had previously stated that the "in or affecting interstate commerce" provision must be met to confer jurisdiction in federal courts, but was not an essential element of the crime charged. *Id.* at 1162-63 (citing *United States v. Kelley,* 929 F.2d 582, 586 (10ᵗʰ Cir. 1991)). *See also United States v.*

- 4 -

*Kunzman,* 54 F.3d 1522, 1527 (10th Cir. 1995); *United States v. Lovett,* 964 F.2d 1029, 1038 (10th Cir. 1992).  However, in *Allen* we went on to hold that giving, without objection, an erroneous instruction, even assuming it was plain error, did not require reversal under *United States v. Olano,* 507 U.S. 725 (1993) and *Johnson v. United States,* 520 U.S. 46l (1997), since the "evidence establishing the requisite effect on interstate commerce is overwhelming and essentially uncontroverted."  *Allen*, 129 F.3d at 1164.

As indicated, in the present appeal Allen claims that she was denied her Sixth Amendment right to the effective assistance of counsel, and cites two instances of ineffective assistance: (1) the failure of trial counsel to object to the instruction which stated, *inter alia,* that the government need not show that "commerce was actually affected;" and (2) the fact that trial counsel  "divulged all her evidence and witnesses to the government prior to trial, thus taking away the element of surprise . . . ."  We are not persuaded that trial counsel was constitutionally deficient in either particular, nor was prejudice shown in either instance.

A party seeking reversal of a criminal conviction on the grounds of ineffective assistance of trial counsel must show constitutionally deficient performance by his trial counsel and that prejudice resulted therefrom.  *Strickland v. Washington*,  466 U.S. 668, 687  (1984).  At the time when trial counsel failed to object to the instruction here involved, there was Tenth Circuit authority that the requirement that a defendant's

activities "affect" interstate commerce must be met to confer jurisdiction in a federal court, but that it was not an essential element of the crime charged. We recognized such in Allen's direct appeal of her conviction. However, our opinion in Allen's direct appeal changed that when we held that the "affecting interstate commerce" requirement was "both jurisdictional and an essential element of the crime charged." Be that as it may, trial counsel was not required to anticipate this change in the law. *United States v. Gonzales-Lerma,* 71 F.3d 1537, 1542 (10th Cir. 1995).[2] Under these circumstances, the failure of Allen's trial counsel to object to the instructions here involved is no evidence of ineffective assistance of counsel. *See, e.g., Sherrill v. Hargett,* 184 F.3d 1172 (10th Cir. 1999) (holding that it was not ineffective assistance of counsel to fail to object to a jury instruction on the presumption of innocence). Additionally, we agree with the district court that there is no showing that Allen was "prejudiced" by counsel's failure to object. As we said in *Allen,* the "evidence establishing the requisite effect on interstate commerce is overwhelming and essentially uncontroverted."

Allen claims that trial counsel was also constitutionally deficient by divulging her evidence and trial tactics prior to and during trial. Although the record before us is a bit sketchy, it would appear that prior to trial Allen's trial counsel filed a discovery motion

---

[2] In *Allen*, we relied, in part, on *United States v. Aramony*, 88 F.3d 1369 (4th Cir. 1996), *cert. denied*, 520 U.S. 1239 (1997), decided on July 17, 1996. We do not know from the instant record the date of Allen's trial, but we do know that Allen's direct appeal therefrom was docketed in this court on June 18, 1996. Ergo, Allen's trial occurred prior to *Aramony*. Trial counsel was not required to anticipate *Aramony*.

under Fed. R. Crim. P. 16(a). Exhibit A attached to the government's answer brief in this court indicates that the government thereafter produced all "discoverable evidence" requested by Allen and that the government, in turn, then requested that Allen produce certain information and evidence that she intended to use at trial, as permitted by Fed. R. Crim. P. 16(b). Thereafter, Allen's trial counsel produced the requested evidence, reluctantly, at first, and later over minor objection. By the time the requested information was eventually produced, the trial was in progress, and counsel had already advised the jury of Allen's theory of the case in his opening statement. Be all that as it may, the information sought by the government from Allen was pursuant to Fed. R. Crim. P. 16 and by order of the court. We perceive of no ineffectiveness of counsel in this regard, nor any prejudice resulting therefrom.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge