**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LEONARD RENAL ROBERTS,

Petitioner,

v.

RONALD J. CHAMPION,

Respondent.

No. 00-5085
(D.C. No. 97-CV-305-BU)
(N.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **SEYMOUR**, **BRORBY**, and **BRISCOE**, Circuit Judges.

---

Pursuant to 28 U.S.C. § 2253(c), we previously granted petitioner a

certificate of appealability (COA) on the issue of whether his appellate counsel

was ineffective in failing to challenge on direct appeal the trial court's instruction

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to the jury that petitioner was presumed "not guilty," rather than "innocent." The parties have briefed this issue, and we now address the merits.

Petitioner was convicted of larceny in Tulsa County District Court. Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed petitioner's conviction, but reduced his sentence. Petitioner filed his opening brief on direct appeal on April 20, 1994, and the OCCA affirmed his conviction on August 25, 1995. In the interim, on January 24, 1995, the OCCA issued its decision in *Flores v. State*, 896 P.2d 558 (Okla. Crim. App. 1995). In *Flores*, the OCCA held that a jury instruction stating that a criminal defendant was presumed "not guilty," rather than "innocent," was not harmless error, and the court vacated the defendant's conviction on direct appeal. *Id.* at 560-62. After the OCCA issued its opinion affirming his conviction, petitioner filed a petition for rehearing arguing that the trial court had charged the jury in his case with an identical presumed "not guilty" instruction and that his conviction must therefore be vacated under *Flores*. The OCCA denied the petition for rehearing on the grounds that the OCCA's procedural rules did not permit a rehearing on an issue that was not raised in the appellant's opening brief. Petitioner subsequently filed an application for post-conviction relief in the state district court. The state district court denied petitioner's application, and the OCCA affirmed on appeal.

On April 2, 1997, petitioner filed his habeas petition under § 2254 raising the *Flores* issue, claims of ineffective assistance of trial and appellate counsel, and a number of other issues. The district court denied petitioner's habeas petition in all respects. In his application for a COA, petitioner has reasserted the issues raised in his § 2254 petition. He also claims that the district court erred in not holding an evidentiary hearing on his petition.

## I. *Flores* and Ineffective Assistance of Appellate Counsel

"[A]n appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner.'" *United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995) (citation omitted). A "dead-bang winner" is "an issue which was obvious from the trial record, *and* one which would have resulted in a reversal on appeal." *Id.* (citation omitted).

Petitioner's appellate counsel did not challenge the presumed "not guilty" instruction in petitioner's opening brief on direct appeal, and we must first decide whether appellate counsel was ineffective in failing to challenge the instruction before the *Flores* case was decided. This court has previously addressed this issue, and we rejected the claim of a state habeas petitioner that "the basis of reversal recognized in *Flores* was obvious and should have been apparent to

[petitioner's] appellate counsel even before *Flores* was decided." *Sherrill v. Hargett*, 184 F.3d 1172, 1176 (10th Cir.), *cert. denied*, 528 U.S. 1009 (1999).[1]

However, *Sherrill* is distinguishable because the OCCA did not publish its opinion in *Flores* until over three years after the petitioner's direct appeal was completed in *Sherrill*. *Id.* at 1175. Here, by contrast, petitioner's direct appeal was still pending at the time *Flores* was published. In addition, petitioner alleges that, after his appellate counsel filed his opening brief, but before the OCCA issued its decision in *Flores*, he raised the *Flores* issue with his counsel and instructed him to file a supplemental brief in the OCCA raising the issue. Petitioner alleges that his appellate counsel refused to file a supplemental brief. Thus, the issue here is whether the procedural rules in effect in the OCCA at the time of petitioner's direct appeal permitted petitioner to file a supplemental brief raising the *Flores* issue.

On their face, the procedural rules in effect in the OCCA during the pendency of petitioner's direct appeal prohibited the filing of supplemental briefs on issues that were not raised in the opening brief. *See* Okla. Stat. Ann. tit. 22,

---

[1] We note that, prior to the decision in *Sherrill*, the OCCA had held that *Flores* was based on preexisting Oklahoma case law and statutory rules and did not announce a new rule of law. *Walker v. State*, 933 P.2d 327, 338 (Okla. Crim. App. 1997). However, *Walker* was not discussed in *Sherrill*, and it is unclear whether the case was brought to the attention of this court at the time *Sherrill* was decided.

ch. 18, app. Rules 3.4(F)(1) and 3.4(F)(2) (effective Aug. 1, 1993 and Sept. 14, 1994, respectively). However, a published decision of the OCCA indicates that, in certain circumstances, the court would still review an issue raised for the first time in a supplemental brief for "fundamental error." *See Brown v. State*, 871 P.2d 56, 68 (Okla. Crim. App. 1994). Under Oklahoma law, "fundamental error" is the same as "plain error," and it involves errors "which go to the foundation of the case, or which take from a defendant a right which was essential to his defense." *Simpson v. State*, 876 P.2d 690, 695 (Okla. Crim. App. 1994) (quotation omitted). The "fundamental error" standard also includes a "harmless error review," *id.* at 697-98, and it appears that this is the same standard of review utilized by the OCCA in *Flores*. *See Flores*, 896 P.2d at 560 (combining a "plain" and "harmless" error analysis). Accordingly, we remand this matter to the district court for an evidentiary hearing to determine whether petitioner's appellate counsel was ineffective in failing to seek leave to file a supplemental brief based on a fundamental error analysis. [2]

---

[2] On remand, the district court will also have to determine if, under federal habeas standards, the giving of the presumed "not guilty" instruction was only harmless error in light of the evidence presented at trial of petitioner's guilt. *See Walker v. Gibson*, 228 F.3d 1217, 1236-37 (10th Cir. 2000) (holding that presumed "not guilty" instruction was harmless error for purposes of federal habeas relief, and claim of ineffective assistance of appellate counsel, in light of overwhelming evidence of defendant's guilt), *petition for cert. filed* (U.S. Apr. 18, 2001) (No. 00-9558).

Petitioner's ineffectiveness claim has also placed in issue the adequacy of the OCCA's procedural rule, and respondent will have the burden on remand to show that the rule prohibiting supplemental briefs was based on adequate state grounds. *See Hooks v. Ward*, 184 F.3d 1206, 1216-17 (10th Cir. 1999). This will require respondent to prove that, with respect to the *Flores* issue, the OCCA has applied the rule consistently and evenhandedly. *See Romano v. Gibson*, 239 F.3d 1156, 1170 (10th Cir. 2001).

## II. Alleged Disbarment of Petitioner's Trial Counsel

Petitioner alleges that, after his trial, his trial counsel was disbarred by the Oklahoma Supreme Court for neglecting his defense and that his appellate counsel was ineffective for failing to investigate this matter. Petitioner has also alleged that his trial counsel failed to properly investigate the charges against him and prepare for trial. Because petitioner's allegations, if true, would entitle him to habeas relief, we grant petitioner a COA on this issue and remand for an evidentiary hearing. *See Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000), *petition for cert. filed* (U.S. Apr. 18, 2001) (No. 00-9558).[3]

## III. Ineffective Assistance of Trial Counsel

---

[3] Because petitioner attempted unsuccessfully to develop the factual basis of his claims during the post-conviction proceedings in state court, his request for an evidentiary hearing is governed by pre-AEDPA standards, rather than § 2254(e)(2). *See Walker*, 228 F.3d at 1231.

Petitioner's trial counsel failed to object at trial to the presumed "not guilty" instruction. However, any claim of ineffective assistance of trial counsel with respect to the *Flores* issue is procedurally barred because: (1) petitioner had separate trial and appellate counsel; and (2) this aspect of petitioner's ineffectiveness claim could have been resolved on the trial court record alone if petitioner had asserted the claim on direct appeal. *See English v. Cody*, 146 F.3d 1257, 1264 (10th Cir. 1998). We therefore deny a COA on this claim.

Petitioner also claims that his trial counsel was ineffective in failing to investigate a potential witness to determine whether she could have provided exculpatory testimony at trial. The witness was allegedly an employee at the Wal-Mart store where the larceny took place. Although petitioner failed to raise this claim on direct appeal, there was no procedural default because this claim raises issues that are outside of the trial court record. *Id.* Although we are skeptical of this claim, it is unrefuted on the present record, and petitioner's allegations, if true, would entitle him to habeas relief. We therefore grant petitioner a COA on this claim and remand for an evidentiary hearing.

Based on the foregoing, we GRANT petitioner a COA on the issues set forth above and REMAND this matter for an evidentiary hearing. We DENY

petitioner's application for a COA in all other respects. [4] Further, we DENY petitioner's motion for summary disposition and his appellate application to proceed in forma pauperis as moot. On remand, if petitioner qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g), the district court shall appoint counsel for petitioner pursuant to 28 U.S.C. § 2254 Rule 8(c).

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[4] Petitioner also sought a COA on the following issues: due process violation based on *Flores* issue, insufficient evidence, invalid prior convictions, wrongful suspension of state habeas rights, prejudicial first stage jury instruction, prejudicial evidence of other crimes, and prosecutorial misconduct.