**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALEJANDRO URQUIZA,

    Petitioner - Appellant,

v.

JOE ALLBAUGH,

    Respondent - Appellee.

No. 19-5066
(D.C. No. 4:16-CV-00237-TCK-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Alejandro Urquiza filed an application for a writ of habeas corpus under

28 U.S.C. § 2254 challenging his Oklahoma state-court convictions.  The district

court denied relief.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

In November 2012, a jury convicted Urquiza of drug-related offenses under

Oklahoma law.  His convictions and sentences were affirmed by the Oklahoma Court

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

of Criminal Appeals ("OCCA") in January 2014. The Oklahoma trial court subsequently denied his application for post-conviction relief, and the OCCA affirmed. Urquiza then filed a § 2254 habeas application in district court asserting five grounds for relief: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, (3) involuntary confession, (4) double jeopardy, and (5) insufficient evidence. The district court held that some of his claims were procedurally barred. It denied relief after addressing the merits of the remaining claims. The district court also denied a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c).

In this court, Urquiza sought a COA as to all of the claims that he raised in his § 2254 application. A previous panel granted him a COA on two claims, specifically, (1) whether his trial counsel rendered ineffective assistance and the district court erroneously declined to provide an evidentiary hearing; and (2) whether the petitioner's statements were not voluntary based on his lack of an adequate understanding of English and the failure to advise him of his rights under the Vienna Convention.

## II.    Discussion

> When reviewing the denial of a habeas corpus petition, we are generally subject to two different frameworks of review, depending upon whether the state courts addressed the merits of the claim for relief. If the state courts have not heard the claim on its merits, we review the district court's legal conclusions de novo and its factual findings, if any, for clear error. If the state courts have addressed the claim on its merits, we review the state court ruling under the standard enunciated under 28 U.S.C. § 2254.

*Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000) (internal quotation marks omitted).

2

### A.    Ineffective Assistance of Trial Counsel

Urquiza argues that his trial counsel provided ineffective assistance by failing to meet with him more frequently and not using an interpreter, by not seeking a hearing to challenge the voluntariness of his confession, by failing to call a witness to rebut the presumption that he understood English, and by failing to investigate and challenge a police officer's credibility.

Urquiza asserted this ineffective-assistance claim for the first time in his state-court application for post-conviction relief.  The state court held that the claim was procedurally defaulted because Urquiza had not raised it in his direct appeal. The OCCA affirmed.

The district court held that Urquiza's ineffective-assistance claim was procedurally defaulted for purposes of federal habeas review because the state court had denied it based upon an independent and adequate state procedural rule.  *See Sherrill v. Hargett*, 184 F.3d 1172, 1175 (10th Cir. 1999) (holding that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground barring review of petitioner's  . . . claim"); *see also Hale*, 227 F.3d at 1330 n.15 (noting this court has repeatedly found that Oklahoma has consistently applied its procedural rule to preclude claims on post-conviction review that could have been but were not raised on direct appeal).

More specifically, the district court held that Oklahoma's procedural rule was adequate to bar Urquiza's ineffective-assistance claim involving his trial counsel

3

because he was represented by different counsel on direct appeal and he could have requested a limited remand in that proceeding for an evidentiary hearing to develop the facts underlying his claim. *See Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (holding ineffective-assistance claim was procedurally barred where the petitioner was represented by different counsel on direct appeal and could have requested a limited remand in that proceeding). Finally, the district court held that Urquiza failed to overcome his default of this claim by showing both cause and actual prejudice or that a fundamental miscarriage of justice would result from dismissal of the claim. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Urquiza addresses the district court's procedural-default analysis in a single paragraph:

> The district court concluded that Oklahoma's [rule] regarding the procedure to seek a limited remand on direct appeal to resolve claims of ineffectiveness of counsel, was adequate for resolution of the claim, so the finding was that, "Petitioner cannot overcome the default." Although it is true that Appellant had separate counsel on appeal, given the fact that much of the information about his trial counsel's personal problems [was] unknown during the time of his direct appeal, the language barrier may well have prevented Appellant from communicating with the indigent defense attorney handling the direct appeal.

Aplt. Opening Br. at 12 (citation omitted). We construe this contention as challenging only the district court's holding regarding the adequacy in this case of Oklahoma's procedure for seeking a limited remand on direct appeal to develop the facts underlying Urquiza's ineffective-assistance-of-trial-counsel claim.[1]

---

[1] We do not construe Urquiza's brief as challenging the district court's holding that he failed to overcome his default of his ineffective-assistance claim. He does not

4

Urquiza points to his discovery (at some undisclosed time following his trial) of a civil petition filed by his trial counsel, alleging that his former girlfriend's infidelity had caused counsel to "suffer[] severe emotional distress, continued loss of sleep, [and an] inability to perform his job as once before because of a nervous condition." Aplt. App., Vol. 1 at 64. Urquiza contends this petition shows that his trial counsel was suffering from serious emotional problems at the time he represented Urquiza. But as the district court found, his trial counsel claimed in the petition that he was not aware of his girlfriend's infidelity until June 2013, *see id.* at 62, well after the conclusion of Urquiza's trial in November 2012. Therefore, the court held that trial counsel's allegations in the civil suit were not relevant to Urquiza's ineffective-assistance claim. The district court further held that, "to the extent trial counsel suffered from emotional issues more generally, Petitioner could have requested an investigation by appellate counsel. Trial counsel allegedly appeared in court with a black eye and smelling like alcohol, which were serious red flags known to Petitioner during trial." *Id.*, Vol. 2 at 378.

Urquiza does not deny that he observed these red flags regarding his counsel's behavior during his trial. Nor does he claim that, although he was aware of these issues, he was, in fact, unable to effectively communicate his concerns to appellate counsel. He instead asserts only that "the language barrier may well have prevented" him from communicating with his counsel. Aplt. Br. at 12. Urquiza therefore fails to

mention the cause-and-prejudice standard, nor does he contend that a failure to consider the claim will result in a fundamental miscarriage of justice.

5

demonstrate error in the district court's holding that Oklahoma's limited-remand procedure was adequate.

Urquiza also contends that the district court erred in denying his request for an evidentiary hearing to develop evidence supporting the merits of his ineffective-assistance claim. But the district court did not reach the merits of this claim, holding instead that it was procedurally defaulted. And Urquiza does not argue that he sought and was denied an evidentiary hearing to develop evidence supporting his contention that Oklahoma's procedural rule was not independent and adequate, or facts showing that he could overcome his default.

Consequently, we affirm the district court's denial of relief on Urquiza's ineffective-assistance claim because it is procedurally barred and he did not overcome his default.

### B. Voluntariness of Confession and Advisement of Rights Under the Vienna Convention

Urquiza argues that his statements to police officers were not voluntary due to his lack of understanding of English and the failure to advise him of his rights under the Vienna Convention. Urquiza raised this claim in his direct appeal. The OCCA held that his statements were made knowingly and intelligently, and that he suffered no prejudice from the State's failure to inform him of his right to contact the Mexican consulate pursuant to the Vienna Convention.

Because the state court addressed this claim on the merits, Urquiza must satisfy one of the "difficult" standards set forth in § 2244(d) to obtain habeas relief.

6

*Davis v. Sharp*, 943 F.3d 1290, 1297 (10th Cir. 2019) (internal quotation marks omitted). He must show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Thus, Urquiza must show more than error by the OCCA in adjudicating this claim. *See White v. Woodall*, 572 U.S. 415, 419 (2014) ("[E]ven clear error will not suffice." (internal quotation marks omitted)); *Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). Moreover, the state court's factual determinations are "presumed to be correct" and Urquiza has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Applying the standards in § 2254(d) and (e)(1), the district court denied habeas relief on Urquiza's claim that his confession was involuntary. On appeal, he argues that the evidence "leads to a fair probability that [his statements] were involuntary," "it was error to allow the alleged statements . . . to be presented to the jury," and "significant questions are presented regarding the Miranda waiver." Aplt. Br. at 15-16. Urquiza does not mention the OCCA's adjudication of this claim in his direct appeal. He does not contend under § 2254(d)(1) that the OCCA's decision was contrary to, or involved an unreasonable application of, any Supreme Court case. Nor does he argue under § 2254(d)(2) that the OCCA unreasonably determined the

7

facts based upon the evidence presented. Urquiza therefore provides this court no basis to find error in the district court's ruling. Accordingly, we affirm the denial of habeas relief on Urquiza's claim that his confession was involuntary.

### C. Denial of a COA on Remaining Claims

We deny Urquiza's application for a COA on his other three claims because he fails to "ma[k]e a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## III. Conclusion

The district court's judgment is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge