FILED
United States Court of Appeals
Tenth Circuit

October 17, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

PRENTICE EUGENE PONDS, II,

    Petitioner - Appellant,

v.

RANDY HARDING, Warden,

    Respondent - Appellee.

No. 24-5047
(D.C. No. 4:21-CV-00104-CVE-CDL)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

This case grew out of state-court convictions of Mr. Prentice Ponds, II, for robbery and insurance fraud. Mr. Ponds unsuccessfully sought post-conviction relief in state court and habeas relief in federal district court. He wants to appeal the denial of federal habeas relief. To do so, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

A judge can issue a certificate only if Mr. Ponds shows that his appellate arguments are reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that Mr. Ponds hasn't made that showing, so we deny his request for a certificate of appealability.

In his habeas petition, Mr. Ponds asserted insufficiency of the evidence, ineffectiveness of trial and appellate counsel, denial of a fair trial, and imposition of an illegal sentence. In this appeal, he pursues only the claim of ineffective assistance of appellate counsel. In district court, Mr. Ponds alleged that his appellate counsel had

- suffered a serious illness,

- failed to challenge the participation of a juror who lacked proficiency in English, and

- neglected to raise ineffectiveness of trial counsel for declining to strike the juror, failing to proffer two photographs into evidence, and failing to request a jury instruction that Mr. Pond's punishment would be subject to Oklahoma's 85% rule.[1]

The federal district court declined to consider the merits of these claims based on procedural default.

Under the doctrine of procedural default, a federal district court can generally decline to consider the merits of a habeas claim when the state appellate court found waiver based on an independent and adequate state-law procedural requirement. *Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003). Even when the requirement is independent and adequate, however, the federal court can reach the merits when the petitioner shows cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

---

[1] Under Oklahoma law, conviction of some crimes prevent eligibility for parole until the defendant has served 85% of the sentence. *See* Okla. Stat. tit. 21, § 12.1.

The federal district court based procedural default on Oklahoma's rules addressing the timing requirements for a claim of ineffective assistance of appellate counsel. In Oklahoma, the petitioner must ordinarily raise these claims in the first post-conviction application. *Hatch v. State*, 924 P.3d 284, 294 (Okla. Crim. App. 1996). When a petitioner waits until the second post-conviction application, the state appellate court regularly declines to consider the claim based on waiver. *E.g.*, *Bosse v. State*, 499 P.3d 771, 776 (Okla. Crim. App. 2021).

Despite this procedural requirement, Mr. Ponds waited until his second post-conviction application to claim ineffectiveness of appellate counsel based on the attorney's illness, failure to challenge the convictions based on the juror's participation, failure to claim ineffectiveness of trial counsel for declining to strike a prospective juror lacking proficiency in English, declining to proffer the photographs into evidence, and declining to request a jury instruction on Oklahoma's 85% rule. Because Mr. Ponds waited until his second post-conviction application to raise these claims, the state appellate court found waiver.

Given this finding, we must determine whether Oklahoma's procedural requirement is *adequate*. *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001). We regard a procedural requirement as *adequate* if it has been applied evenhandedly and regularly in all similar circumstances. *Sherrill v. Hargett*, 184 F.3d 1172, 1174 (10th Cir. 1999). We've held that

3

Oklahoma's procedural requirement is *adequate* because the state appellate court regularly and evenhandedly refuses to consider claims of ineffective assistance of appellate counsel when they are newly asserted in a second post-conviction application. *Fontenot v. Crow*, 4 F.4th 982, 1024 (10th Cir. 2021).

Because the procedural requirement was adequate, Mr. Ponds must show cause for his failure to raise the claims before his second post-conviction application. For *cause*, Mr. Ponds relies on his pro se status. But we've held that pro se status does not constitute *cause* for a procedural default. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991).

Mr. Ponds also argues that when he filed his first post-conviction application, he hadn't known the extent of his appellate attorney's illness. Even if Mr. Ponds is right, however, this argument wouldn't show *cause* because the attorney's illness would be relevant only if it had led to identifiable errors or omissions. Mr. Ponds could have identified such errors or omissions even if he hadn't known how ill the attorney had been.

Given the clear adequacy of the procedural requirement and absence of any *cause*, the district court's reliance on procedural default is not reasonably debatable. We thus decline to issue a certificate of appealability.

This matter is dismissed.

Entered for the Court


Robert E. Bacharach
Circuit Judge