**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBY JOE HICKMAN,

       Petitioner - Appellant,

    v.

DENISE SPEARS,

       Respondent - Appellee.

No. 97-6008

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. 96-CV-1353)**

---

Submitted on the briefs:[*]

Michael G. Katz, Federal Public Defender, and James P. Moran, Assistant Federal Public Defender, Denver, Colorado, for Appellant.

W.A. Drew Edmondson, Attorney General of Oklahoma, and William R. Holmes, Assistant Attorney General, State of Oklahoma, Oklahoma City, Oklahoma, for Appellee.

---

Before **ANDERSON**, **TACHA**, and **BALDOCK**, Circuit Judges.

---

    [*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

**TACHA**, Circuit Judge.

Petitioner Bobby Joe Hickman, an Oklahoma state prisoner proceeding pro se and in forma pauperis, appeals from the district court's order denying his petition for a writ of habeas corpus, filed in accordance with 28 U.S.C. § 2254. We exercise jurisdiction pursuant to 28 U.S.C. § 2253. For the reasons set forth below, we affirm.

On April 12, 1994, in Jefferson County District Court, State of Oklahoma, petitioner pled guilty to Unlawful Possession of Marijuana-Second and Subsequent Offense, Okla. Stat. Ann. tit. 63, § 2-402(B)(2) (West 1997). At the time plaintiff entered his guilty plea, he had four prior felony convictions, three non-drug related. Consequently, petitioner was sentenced under Oklahoma's Habitual Criminal Act, Okla. Stat. Ann. tit. 21, §51, and received the minimum sentence of twenty years imprisonment. Following his conviction, petitioner failed to file an application withdrawing his guilty plea within the period required by Oklahoma law and did not otherwise attempt to perfect a direct appeal.

On February 1, 1996, petitioner filed an application for post-conviction relief in Oklahoma state court claiming that: 1) he had received ineffective assistance of counsel and 2) his sentence was illegal because it exceeded statutory guidelines. The state courts denied petitioner's application on procedural default

- 2 -

grounds because he had failed to properly raise his claims in a motion to withdraw his guilty plea, or otherwise on direct appeal. On June 27, 1996, Hickman filed a petition for a writ of habeas corpus in federal district court. The habeas corpus petition raises the same claims presented to the state courts in petitioner's application for post-conviction relief. In addition, petitioner argues that it was improper for the state courts to deny petitioner post-conviction relief based on his procedural default. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to a magistrate judge, who recommended denying the petition for a writ of habeas corpus. The district court adopted the magistrate's recommendation on December 12, 1996. Petitioner filed a notice of appeal on December 26, 1996. This court granted petitioner's application for a certificate of appealability on October 14, 1997, and this appeal followed.

I.

Before we address the merits of Mr. Hickman's claims, we must first examine whether we should deny his habeas corpus petition because of procedural default in state court. On habeas review, this court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). "A state procedural ground is independent if it relies on state law,

rather than federal law, as the basis for the decision." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). For the state ground to be adequate, it must be "'strictly or regularly followed'" and "applied 'evenhandedly to all similar claims.'" Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263 (1982)). In reviewing a denial of a petition for habeas corpus, we review the district court's conclusions of law de novo and accept its findings of fact unless they are clearly erroneous. See Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998).

A.

Under Oklahoma law, a defendant whose conviction is based upon a guilty plea must pursue an appeal to the Court of Criminal Appeals by petition for a writ of certiorari. See Okla. Stat. Ann. tit. 22, § 1051. To commence obtaining a writ of certiorari to appeal a guilty plea conviction, the petitioner must file an application to withdraw the plea within ten days of the judgment and sentence. See Okla. R. Crim. App. 4.2(A). In any event, he must file the petition for a writ of certiorari within 90 days of conviction. See Okla. Stat. tit. 22, § 1051. Failure to follow these procedural requirements prevents any further post-conviction relief unless petitioner shows a sufficient reason for the default. See Worthen v. Meachum, 842 F.2d 1179, 1181 (10th Cir. 1988), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991); Webb v. State, 661 P.2d 904, 905

(Okla. Crim. App. 1983). Based upon our review of relevant case law, we conclude that the Court of Criminal Appeals of Oklahoma's decision denying post-conviction relief as to petitioner's illegal sentence claim rested on independent and adequate state procedural grounds. However, as discussed below, the state procedural default with respect to petitioner's ineffective assistance of counsel claim requires closer review.

This court has vigorously scrutinized the adequacy of state rules involving procedural default which have the effect of barring federal habeas review of ineffective assistance of counsel claims. See, e.g., English v. Cody, 146 F.2d 1257, 1259 (10th Cir. 1998), Jackson v. Shanks, 143 F.3d 1313, 1318-19 (10th Cir. 1998); Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994). We give special attention to ineffective assistance of counsel claims because of the unique concerns associated with them. As stated by the Supreme Court in Kimmelman v. Morrison:

> Because collateral review will frequently be the only means through which an accused can effectuate the right to counsel, restricting the litigation of some Sixth Amendment claims to trial and direct review would seriously interfere with an accused's right to effective representation. A layman will ordinarily be unable to recognize counsel's errors and evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case.

477 U.S. 365, 378 (1986) (internal citation omitted). Noting these concerns, this

court held in <u>Brecheen v. Reynolds</u> that the failure to raise an ineffective assistance of counsel claim on direct appeal does not preclude federal habeas review of the claim, even if such failure is characterized as a procedural default under state law. <u>See</u> 41 F.3d at 1363-64. This court based its conclusion on "the interplay of two factors: (1) the general need for additional fact-finding for the proper resolution of a claim of ineffective assistance; and (2) the need to allow a petitioner to consult with different counsel on appeal in order to obtain an objective assessment of trial counsel's performance." <u>English</u>, 146 F.3d at 1260. We find that the short time frame in which petitioner had to perfect a certiorari appeal under Oklahoma law did not give him sufficient opportunity to discover and develop his ineffective assistance of counsel claim. Therefore, we find these procedural rules to be inadequate grounds for denying review of petitioner's ineffective assistance of counsel claim. Accordingly, we address the merits of this claim despite petitioner's state procedural default.

B.

Having found Oklahoma's procedural rules governing certiorari appeals to be independent and adequate state grounds for denying review of petitioner's illegal sentence claim, we will not address the merits of this claim unless the petitioner shows cause for the default and prejudice resulting therefrom, or that failure to review his claim will result in a fundamental miscarriage of justice.

- 6 -

"The determination of cause and prejudice and of fundamental miscarriage of justice are both matters of federal law." Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997). Petitioner contends that his state law procedural default was the result of his trial counsel's failure to discover the trial court's alleged sentencing error and subsequent failure to advise petitioner to pursue a direct appeal.

Attorney error amounting to constitutionally ineffective assistance of counsel constitutes "cause" for a procedural default. See Coleman v. Thompson, 501 U.S. 722, 754 (1991). An individual's Sixth Amendment right to effective counsel "is limited to the first appeal as of right." See Evitts v. Lucey, 469 U.S. 387, 396 (1985). "Although a guilty plea appeal is technically referred to in Oklahoma as a 'certiorari appeal', Oklahoma [courts have] always treated this appeal as an appeal of right." Randall v. State, 861 P.2d 314, 316 (Okla. Crim. App. 1993). Thus, Mr. Hickman was entitled to effective counsel during the time period available for appeal of his conviction. Because the same legal standards govern petitioner's underlying claim of ineffective assistance of counsel and his closely related burden to show cause for his state law procedural default, we must determine whether petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim.

## II.

Petitioner asserts that his Sixth Amendment right to effective assistance of

counsel was violated when his trial counsel failed to object to the imposition of an enhanced sentence under Oklahoma's Habitual Criminal Act. We disagree. "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995). To prevail on this claim, petitioner must show: 1) that his counsel's performance fell below an objective standard of reasonableness and 2) that the deficient performance was prejudicial to his defense. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To satisfy the first prong of this test, petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998). We review petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he rendered his legal services, not in hindsight. See Strickland, 466 U.S. at 689. In addition, in considering counsel's performance, we focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Chronic, 466 U.S. 648, 665 n.38 (1984). To satisfy the second prong, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Petitioner argues that his counsel's failure to object to his enhanced

sentence under Oklahoma's Habitual Criminal Act amounted to constitutionally deficient performance because the sentence he received exceeded that allowed by Oklahoma law. In particular, petitioner asserts that his counsel should have discovered that his second drug conviction could not trigger an enhanced penalty under the Habitual Criminal Act because this offense, second marijuana possession, is already subject to a specific sentence enhancement provision under Oklahoma's Uniform Controlled Dangerous Substance Act, Okla. Stat. tit. 63, § 2-402. Petitioner further argues that § 2-402 would have limited his sentence to ten years, thereby making the trial court's imposition of a twenty year sentence appealable error. We disagree. There is no clear Oklahoma authority supporting petitioner's argument, and we find that a reasonable and competent counsel might conclude that, based on the lack of legal authority and the plain language of the Habitual Criminal Act, petitioner's sentence was proper.

Oklahoma's Habitual Criminal Act states: "Every person who, having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence, shall be punished by imprisonment . . . for a term of not less than twenty (20) years." Okla. Stat. Ann. tit. 21, § 51(B). The plain language of this

statute makes it applicable to all felonies, whether or not they are drug-related.[1]

The question at issue is whether Oklahoma law otherwise prevents the application of the Habitual Criminal Act to petitioner's drug offense. Oklahoma has a general statutory provision prohibiting multiple punishment which states:

> If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision making the same act or omission a criminal offense or prescribing the punishment thereof, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in Sections 51 and 54 of this title, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can it be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other.

Okla. Stat. tit. 21, § 11(A). Petitioner argues that this language prevents his marijuana possession offense from being enhanced under both the controlled substance statute and the Habitual Criminal Act. Oklahoma law provides no clear

---

[1]By way of comparison, the sentence enhancement provision of the Oklahoma Uniform Controlled Dangerous Substances Act makes an initial marijuana offense a misdemeanor and second or subsequent offenses for marijuana a felony punishable by two to ten years. See Okla. Stat. Ann. tit. 63, § 2-402(B)(2).

support for this conclusion. In fact, it likely supports the opposite. The Court of Criminal Appeals of Oklahoma has already examined the interplay of the three relevant statutes in this case: 1) Okla. Stat. tit. 21, § 11(A); 2) the Habitual Criminal Act; and 3) § 2-204 of the Uniform Controlled Dangerous Substances Act. It held that when a person has been previously convicted of both drug and non-drug felonies, a court may use either the Habitual Criminal Act or the Uniform Controlled Dangerous Substances Act to enhance the sentence for a new felony drug offense. See Cooper v. State, 806 P.2d 1136, 1139 (Okla. Crim. App. 1991); Jones v. State, 789 P.2d 245, 247 (Okla. Crim. App. 1990).

As noted above, the plain language of the Habitual Criminal Act makes it applicable to *all felonies*. Because the Habitual Criminal Act does not define the term "felony," the determination of what is or is not a felony must necessarily be made by reference to another provision of law. Oklahoma courts have concluded that an offense's categorization under provisions of law outside the state's penal code may be used when making the determination as to what constitutes a felony under the Habitual Criminal Act. As recently stated by the Court of Criminal Appeals of Oklahoma, "[t]he power to define crime and punishment . . . lies with the legislature . . . . When deciding whether an act has been classified as a felony crime, the Court looks to the specific legislative definition not the ordinary definition of a felony or the punishment imposed." Walker v. State, 953 P.2d

- 11 -

354, 356 (Okla. Crim. App. 1998). For example, in <u>Chapple v. State</u>, the Court of Criminal Appeals of Oklahoma held that the plain language of the Habitual Criminal Act permitted *any felony* to be used as a predicate offense. 866 P.2d 1213, 1217 (Okla. Crim. App. 1993). The court then held that under Okla. Stat. tit. 47, § 11-902, a provision outside of the state's penal code, a second DUI committed within ten years of the first DUI conviction is "deemed, under Oklahoma law, to be a felony offense." <u>Id.</u> Consequently, the court found the felony DUI conviction was not "immune from use under the Habitual Criminal Act." <u>Id.</u>

Like the second DUI offense in <u>Chapple</u>, petitioner's second drug offense is a felony under Oklahoma law. <u>See</u> Okla. Stat. tit. 63, § 2-402(B)(2) ("A second or subsequent violation of this section with respect to . . . marijuana . . . *is a felony* punishable by imprisonment for not less than two (2) nor more than ten (10) years.") (emphasis added). Additionally, we could find no Oklahoma authority prohibiting the application of the Habitual Criminal Act to drug-related felonies when the drug offense would have been a misdemeanor had it been a first offense. Based on the plain language of the Habitual Criminal Act and the lack of any clear authority prohibiting its use to enhance petitioner's drug offense, we find that a reasonable and competent counsel could have concluded that petitioner's second drug offense would constitute a "felony" for the purposes of

the Habitual Criminal Act and that his client, with four prior felony convictions (three non-drug related), would be subject to sentence enhancement under the Act. Therefore, we conclude that counsel's failure to object to the enhancement of petitioner's sentence under Oklahoma's Habitual Criminal Act did not amount to constitutionally deficient performance. Cf. Jackson v. Shanks, 143 F.3d 1313, 1321 (10th Cir. 1998) ("Absent counsel's omission of an obvious winner on appeal, we are not inclined to second-guess appellate counsel's decision to eliminate arguable but weak claims."). Consequently, having failed to satisfy the first prong of the Strickland test, petitioner's ineffective assistance claim is without merit.

Based on these same considerations, we also find that petitioner has failed to show "cause" for his procedural default in state court as to his illegal sentence claim. A reasonable and competent counsel could, as discussed above, conclude that there was no error in Mr. Hickman's sentence and therefore no basis for a plea withdrawal or an appeal. In addition, Mr. Hickman cannot show that denying review of his claim based on his state law procedural default will result in a miscarriage of justice, for to meet this standard, "the petitioner must supplement his habeas claim with a colorable showing of factual innocence." Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997). Petitioner has presented no evidence of his innocence. Therefore, Mr. Hickman has not made a sufficient showing

- 13 -

under <u>Coleman</u> to excuse his state law procedural default with respect to his illegal sentence claim, and, accordingly, we shall not address its merits.

III.

For the above reasons, the order of the district court denying Mr. Hickman's petition for a writ of habeas corpus is AFFIRMED.