**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VEAR BROOKS,

      Petitioner-Appellant,

v.

STATE OF UTAH,

      Respondent-Appellee.

No. 98-4218
(D.C. No. 98-CV-466-W)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Proceeding pro se, Vear Brooks filed a § 2254 petition for a Writ of Habeas

Corpus in the district court, challenging his state conviction for two counts of

attempted sexual abuse of a child. Brooks argued that (1) his guilty plea was

involuntary because he did not understand the elements of the charges and did not

understand that the state court was not bound by the plea agreement; (2) his

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

counsel was ineffective; and (3) he was denied the right to review his presentence investigation report (PSR). The district court dismissed Brooks' petition as procedurally barred by independent and adequate state grounds, and denied Brooks a certificate of appealability (COA). Before this court, Brooks renews his request for a COA, and applies for in forma pauperis (IFP) status. We deny Brooks' application for a COA and IFP status, and accordingly we dismiss the appeal.

In October of 1994, pursuant to a plea agreement, Brooks pled guilty in state district court to two counts of attempted sexual abuse of a child. In December of 1994, the state court sentenced Brooks, inter alia, to an indeterminate sentence not to exceed five years for each count, running concurrently with each other but consecutively to a sentence he was then serving. Brooks did not appeal the conviction. Thus his conviction became final in January of 1995.

In August of 1995, Brooks filed his first state petition for post-conviction relief in state district court. He filed the petition under Rule 65B of the Utah Rules of Civil Procedure ("Extraordinary relief"), alleging that the Board of Pardons was wrongfully running all three of his sentences consecutively. The court dismissed the petition on the grounds that Brooks' claims were frivolous and moot, and that Brooks had failed to exhaust his administrative remedies.

In August of 1996, Brooks filed his second state petition for post-conviction relief in state district court. In that petition, Brooks raised the same claims he subsequently raised in his § 2254 petition: (1) involuntary plea; (2) ineffective assistance of counsel; and (3) no opportunity to review his PSR. The court dismissed the petition on the grounds that it was successive under Utah Code Ann. § 78-35a-106(1)(d) (barring any claim that "could have been, but was not, raised in a previous request for post-conviction relief"), and time-barred under Utah Code Ann. § 78-35a-107(1) (imposing one-year statute of limitations for requests for post-conviction relief). Brooks moved for summary reversal in the Utah Court of Appeals, arguing that his petition was improperly dismissed as successive and time-barred; that his claim of involuntary plea should be heard on the merits; and that he was not guilty. The Utah Court of Appeals affirmed on both procedural grounds. Brooks then sought a writ of certiorari with the Utah Supreme Court, asserting that his petition was improperly dismissed as successive and time-barred; that the district court improperly refused to grant him an evidentiary hearing; and that he was not guilty of the crime to which he pled. The Utah Supreme Court summarily denied the petition on June 28, 1998.

On July 1, 1998, Brooks filed his habeas corpus petition in the federal district court, raising the same three claims in his second state post-conviction petition. In September of 1998, Brooks filed a motion for summary judgment on

his petition. On October 30, 1998, the district court denied Brooks' motion for summary judgment and held that his habeas petition was procedurally barred. Relying on Coleman v. Thompson, 501 U.S. 723 (1991), the court found that Brooks had exhausted his claims by reason of procedural default in state court, but that Brooks did not show cause for his procedural defaults, or show that a fundamental miscarriage of justice would result from a denial of habeas corpus review. Accordingly, the court dismissed Brooks' petition. The court declined to grant Brooks a COA.

Brooks appeals to this court, requesting both a COA and IFP status. Regarding his procedural default, Brooks argues that Utah Code Ann. § 78-35a-107, the post-conviction relief statute of limitations, was declared unconstitutional in Julian v. Utah, 966 P.2d 249 (Utah 1998). Brooks also argues that he could not have raised the claims in his second petition for state post-conviction relief before July 1, 1996, when Rule 65C of the Utah Ann. Code (governing post-conviction relief proceedings) became effective. Thus, Brooks implies that his second petition for state post-conviction relief was timely filed. Substantively, Brooks renews his claims that his plea was involuntary and that he received ineffective assistance of counsel. Brooks additionally contends that he should have received an evidentiary hearing in the district court.

We will grant a COA only if Brooks has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Brooks is proceeding pro se, we construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991.)

Even under a liberal construction, we find no merit to Brooks' arguments before this court, much less a "substantial showing of the denial of a constitutional right." As an initial matter, we agree with the district court that Brooks procedurally defaulted his federal claims in state court on independent and adequate state grounds. As the district court noted, the Utah Court of Appeals rejected Brooks' claims regarding involuntary plea, ineffective assistance of counsel, and lack of opportunity to review his PSR, on the grounds that his petition failed to comply with the procedural requirements of Utah Code Ann. § 78-35a-106(1)(d) (successive petitions) and § 78-35a-107(1) (one-year statute of limitations).[1] There is neither intimation from Brooks, nor suggestion from our review of case law, that these procedural grounds are less than independent and adequate. See Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998) ( "A state procedure is independent if it relies on state law, rather than federal law, as the basis for the decision. For a state ground to be adequate, it must be strictly

---

[1]We look to the Utah Court of Appeals' decision because it was "the last reasoned opinion" that "explicitly imposes a procedural default" for Brooks' federal claims. Ylst v. Nunnemaker, 501 U.S. 797, 803, 805-06 (1991).

followed and applied evenhandedly to all similar claims." Id. (quotations and citations omitted)).

"On habeas review, this court will not consider issues that have been defaulted in state court on an independent and adequate state ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." Id. 160 F.3d at 1271 (citing Coleman, 501 U.S. at 749-50). We find no such demonstration on Brooks' part.

Brooks apparently attempts to show cause for his procedural default of the statute of limitation in § 78-35a-107(1) by arguing (1) that he could not avail himself of the procedures for post-conviction relief in Rule 65C until that provision became effective July 1, 1996; and (2) that the Utah Supreme Court declared § 78-35a-107(1) unconstitutional in Julian. Without passing on their merit, we find these contentions insufficient to overcome the procedural bar in this case. Brooks does not argue, a fortiori he does not demonstrate, cause for his failure to comply with the prohibition against successive petitions in § 78-35a-106, which bars any claim which "could have been, but was not, raised in a previous request for post-conviction relief."[2] Standing alone, Brooks' failure to

_____

[2]We note that Brooks could have brought his federal claims in his first petition under the former version of Rule 65B(b) of the Utah Court Rules, which he in part invoked to pursue his first petition for state post-conviction relief in August of 1995. That former Rule 65B(b) was deleted and transferred to Rule

(continued...)

comply with this requirement resulted in a procedural default, and his failure to show of cause for the default, bars federal habeas review of Brooks' claims unless he demonstrates that a fundamental miscarriage of justice would result from such preclusion. Brooks has not made that demonstration. Nothing Brooks raises in his briefs, and nothing from our own review of the record, persuades us that a fundamental miscarriage of justice would result from applying a procedural bar to Brooks' habeas claims.

Accordingly, we hold that the district court properly dismissed Brooks' claims as procedurally barred. Furthermore, because the district court properly dismissed Brooks' claims as procedurally barred, there was no need for the district court to conduct an evidentiary hearing on those claims. We therefore DENY Brooks' requests for a COA and IFP status, and we DISMISS his appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2](...continued)
65C effective July 1, 1996. See Julian, 966 P.2d at 250 n.1.