F I L E D
United States Court of Appeals
Tenth Circuit

JUN 10 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID CHARLES HICKS,

Petitioner - Appellant,

v.

STEVE HARGETT, Warden,

Respondent - Appellee.

No. 98-6413
(D. Ct. No. 96-CV-662-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court denying petitioner Hicks'

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

Petitioner's claims are controlled by the provisions of the Antiterrorism and

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1217 (1996). Petitioner appeals on the grounds that the district court erred by maliciously denying the writ, holding that the use of appellant's prior conviction to enhance his sentence was constitutionally valid, finding that petitioner received effective assistance of trial counsel, and denying petitioner's claim that he was denied his constitutional right to a direct appeal. We decline to issue a certificate of appealability.

The magistrate judge in this action thoroughly reviewed all of the issues raised by petitioner in the district court. The magistrate judge first found that petitioner was not entitled to attack collaterally the sentence for which he was no longer in custody. We agree. Thus, in this proceeding petitioner can attack only those sentences for which he is currently incarcerated. The magistrate judge also reviewed thoroughly those issues that have been procedurally defaulted either through a failure to appeal or a failure to withdraw a guilty plea. We concur with the magistrate judge that petitioner's claim challenging a prior conviction in Carter County, Oklahoma has been procedurally defaulted. See, e.g., Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998). Additionally, petitioner fails to show the requisite cause and prejudice or showing of actual innocence necessary to overcome his default. See id.

However, petitioner is, as the magistrate judge found, entitled to raise his

claim of ineffective assistance of counsel in this habeas proceeding.  See id. at 1272; Brecheen v. Reynolds, 41 F.3d 1343, 1363-64 (10th Cir. 1994).  Petitioner claims that his counsel was ineffective for failing to investigate his prior convictions at sentencing and for failing to file a motion to withdraw a guilty plea so that petitioner could appeal his sentences.  After reviewing the filings in the district court, the report and recommendation of the magistrate judge, the subsequently filed objections to that report and recommendation, including the additional affidavits, and the filings in this court, we agree with the magistrate judge and the district court that the record fails to show that petitioner's trial counsel was ineffective for failing to investigate the convictions used for enhancement of his sentence.  As the district court and the magistrate judge observed, counsel was not ineffective because any investigation of the Carter County conviction would not have prevented the sentence enhancement based on petitioner's four other prior convictions that the trial court could have used toward enhancement.  Regarding the guilty plea withdrawal, petitioner did not challenge the magistrate judge's finding that counsel had not failed to file a withdrawal of his guilty plea.  The record contains sufficient evidence to show that petitioner did not request that his attorney file a withdrawal within the ten day period.  Therefore, counsel's performance in this respect was not deficient.

All of the other claims raised in this petition have no merit.  This court has

reviewed petitioner's request for a certificate of appealability, the pro se appellate brief, the district court order, the magistrate judge's report and recommendation, and the entire record on appeal. That review demonstrates that the district court order denying relief is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Accordingly, this court DENIES petitioner's request for a certificate of appealability for substantially those reasons set out in the report and recommendation of the magistrate judge. We DISMISS this appeal. Petitioner's motion for leave to proceed in forma pauperis is DENIED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge