**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 9 2000**

**TENTH CIRCUIT**

_____

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Apellee,

v.

GARY WOODLEE,

    Defendant-Appellant.

No. 99-7154
(E.D. Okla.)
(D.Ct. No. 99-CV-144-S)

_____

**ORDER AND JUDGMENT***

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Gary Woodlee appeals the district court's decision denying his

---

\* This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

motion filed under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. We deny Mr. Woodlee's request for a certificate of appealability and dismiss his appeal.

Mr. Woodlee received three convictions for violent interference with three individuals' federally protected rights to enjoyment of a public facility under 18 U.S.C. § 245(b)(2)(F). The facts under which Mr. Woodlee received his convictions are set out in our decision affirming his direct appeal. *See United States v. Woodlee*, 136 F.3d 1399, 1403-04 (10th Cir.), *cert. denied*, 525 U.S. 842 (1998). In short, Mr. Woodlee, his brother and other white men made innumerable and extremely venomous, racial remarks directed at three black males – David Carter, Tim Walker and Brock Lockhart – who entered a bar in Oklahoma. *Id.* at 1403. At one point, while looking at Mr. Carter, Gary Woodlee stated he "was going to shoot the s--- out of that black son-of-a-b----." *Id.* Later, James Woodlee handed Gary Woodlee a pistol, at which time the bartender heard Gary Woodlee say he would use the gun to shoot the three black men. *Id.* Gary Woodlee, his brother and white men then followed the black men out of the bar into the parking lot where they continued taunting and threatening the three men. After the three men got into Mr. Carter's car and began driving away, Mr. Lockhart shouted out the window, "You guys are a bunch of a------s." *Id.* Gary

Woodlee and his brother invited another man, Robert Kinslow, to join them in pursuing the three men. *Id.* Before getting into the passenger seat of the truck driven by Gary Woodlee, Mr. Kinslow retrieved a rifle from his own car. *Id.* During their pursuit, Mr. Kinslow fired shots through the car's rear window, injuring Mr. Carter. *Id.* at 1404, 1409.

On direct appeal, Gary Woodlee raised several issues, which we rejected in affirming his conviction. *Id.* at 1403. Unsuccessful in his direct appeal, Mr. Woodlee filed his 28 U.S. § 2255 motion raising three claims of ineffective assistance of counsel. After reviewing Mr. Woodlee's ineffective assistance of counsel claims, the district court determined they lacked merit because Mr. Woodlee failed to show his counsel acted ineffectively or that his performance, if deficient, prejudiced Mr. Woodlee's defense. Accordingly, the district court denied Mr. Woodlee's § 2255 motion.

On appeal, Mr. Woodlee raises two of the same ineffective assistance of counsel claims addressed by the district court. Mr. Woodlee's first claim centers on the foreseeability of "bodily injury" to Mr. Carter. Mr. Woodlee claims his counsel acted ineffectively in failing to:

> 1) object to a jury instruction which did not inform the jury that "bodily injury" must be a "forseeable result" of his alleged intimidation or

interference under 18 U.S.C. § 245(b)(2)(F);

2) request a "lesser included offense" instruction allowing the jury the option of finding him guilty of a misdemeanor offense of § 245(b)(2)(F) because the bodily injury of Mr. Carter was "not forseeable"; and

3) investigate case law, other legal authorities, and the Federal Rules of Criminal Procedure, including Rule 31(c), to support raising these issues.

In his second claim of ineffective assistance of counsel, Mr. Woodlee claims his counsel acted ineffectively by:  1) failing to move for a downward departure of his sentence under United States Sentencing Guideline § 5K2.10 due to Mr. Lockhart's alleged "victim misconduct," and 2) failing to investigate the law relevant to a U.S.S.G. § 5K2.10 departure.  In support of this claim, Mr. Woodlee contends Mr. Lockhart's "victim misconduct" arose from his alleged use of "fighting words" and his act of throwing gravel at Mr. Woodlee's friend's vehicle in the parking lot.

Mr. Woodlee's ineffective assistance of counsel claim "presents a mixed question of law and fact which we review *de novo*." *Hickman v. Spears,* 160 F.3d 1269, 1273 (10th Cir. 1998) (quotation marks and citation omitted).  To prevail on this claim, Mr. Woodlee must show:  "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance was prejudicial to his defense." *Id.* (citing *Strickland v. Washington,*

466 U.S. 668 , 688, 694 (1984)).  Under this two-prong test, we need not separately determine the effectiveness of Mr. Woodlee's counsel if the alleged deficiency would not have prejudiced Mr. Woodlee.  *See Brewer v. Reynolds*, 51 F.3d 1519, 1523 & n.7 (10th Cir. 1995), *cert. denied*, 516 U.S. 1123.  To establish prejudice, Mr. Woodlee must show "'there is a reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different.'"  *Hickman*, 160 F.3d at 1273 (quoting *Strickland*, 466 U.S. at 694).

With these standards in mind, we conclude Mr. Woodlee's first claim regarding the foreseeablilty of Mr. Carter's bodily injuries is foreclosed by our decision in his direct appeal.  In support of his direct appeal, Mr. Woodlee argued he could only receive a misdemeanor conviction under § 245(b)(2)(F), and not a felony conviction which requires "bodily injury."  *Woodlee*, 136 F.3d at 1405.  In addressing this issue, we held "the bodily injury element of the felony crime is satisfied if injury was a foreseeable result of the Woodlees' intimidation or interference."  *Id.* at 1406.  We then concluded the trial court correctly determined Mr. Woodlee should have foreseen the resulting injury to Mr. Carter given he and others continuously taunted the three black men, and later engaged in a high-speed car chase while intoxicated and in possession of a pistol which

Mr. Woodlee said he would use. *Id.* We also concluded a rational jury could have found the government established the foreseeability of bodily injury beyond a reasonable doubt. *Id.* In our decision, we also held Mr. Carter suffered a serious bodily injury based on a permanent eye injury resulting from the shooting. *Id.* at 1408-09.

In raising the issues of foreseeability and misdemeanor offense under the guise of an ineffective assistance of counsel claim, Mr. Woodlee is simply attempting to rehash underlying issues previously addressed by this Court. Given we determined the evidence clearly supported a felony conviction for bodily injury, we hold Mr. Woodlee's counsel did not act ineffectively, and Mr. Woodlee was not prejudiced, because his counsel failed to request a "lesser included offense" instruction on a misdemeanor offense, which does not involve the element of bodily injury.

In addition, having already determined the jury could find bodily injury was a foreseeable consequence of Mr. Woodlee's and his friends' actions, we hold Mr. Woodlee has not demonstrated prejudice because his counsel failed to object to a jury instruction stating "bodily injury" must be a "foreseeable result" of Mr. Woodlee's alleged intimidation or interference. In other words, Mr. Woodlee has

not shown that, but for this alleged error, the result of the proceeding would have been different. *See Hickman*, 160 F.3d at 1273.

We also reject Mr. Woodlee's other ineffective assistance of counsel claim which focuses on his counsel's failure to request a downward departure for "victim misconduct" under U.S.S.G. § 5K2.10. Mr. Woodlee's claim Mr. Lockhart committed "victim misconduct" by using "fighting words"[1] and throwing gravel is not supported by the record before us. Rather, on direct appeal, we reviewed the record and determined "[t]hroughout the entire evening, Mr. Carter, Mr. Walker and Mr. Lockhart never approached the defendants or responded to the racial taunting." *Woodlee*, 136 F.3d at 1403. The only response of record, recited in our previous opinion, came in the parking lot when Mr. Lockhart shouted out that Mr. Woodlee and his friends were "a bunch of a------s." *Id.* Although Mr. Woodlee relies on portions of the trial transcript to support what he perceives as Mr. Lockhart's other acts of "victim misconduct," he failed to present the transcript for our review. As a result, we cannot confirm the content, context or timing of Mr. Lockhart's other alleged comments and actions.

---

[1] Besides calling Mr. Woodlee and his friends "a------s," Mr. Woodlee also claims Mr. Lockhart told them to "just p--- on themselves" and shouted "Come on, mother f------, if you want me, here I am."

Mr. Woodlee, as the appellant, "is responsible for insuring that all materials on which he seeks to rely are part of the record on appeal." *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993). "In the absence of a transcript or a statement of the parties in lieu of a transcript," this court will not generally review the issue. *Id.*

Moreover, even if we exercised our discretion and reviewed the assigned error, it appears from the limited record before us and our prior decision that Mr. Woodlee and his friends instigated the entire incident and made innumerable racially based accusations, using much stronger and fouler language than Mr. Lockhart allegedly used, and twice verbally threatened to shoot the three black men. *Woodlee*, 136 F.3d at 1403-04. Thus, even if we took Mr. Woodlee's contentions as to what Mr. Lockhart stated to be true, we cannot say Mr. Lockhart's alleged "wrongful conduct contributed significantly to provoking the offense behavior" of Mr. Woodlee, as required by U.S.S.G. § 5K2.10 for a downward departure.[2] In other words, it is clear Mr. Lockhart's actions did not

---

[2] In his brief, Mr. Woodlee also generally contends the three black men brought Mr. Carter's pistol into the bar after Mr. Woodlee and his friends refused to give up their pool table to them. In our prior decision, we determined none of thedefendants, including Mr. Woodlee, knew Mr. Carter possessed a pistol. *Woodlee*, 136 F.3d at 1141. In addition, Mr. Carter testified he never removed the pistol from his car. *Id.* Given the white men were unaware of the pistol, we cannot conclude the fact Mr. Carter possessed the pistol in any way contributed to Mr. Lockhart's alleged "victim conduct" or otherwise

significantly provoke the incident that led to the racially based, high-speed and dangerous pursuit and shooting of another human being.

Finally, in order to obtain a certificate of appealability, Mr. Woodlee must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A review of the record establishes he fails to make the requisite showing. For this reason, Mr. Woodlee's request for a certificate of appealability is denied, and his appeal is **DISMISSED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

provoked Mr. Woodlee's offensive conduct.