**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CECIL WILLIAM TOWNSEND,

    Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

    Respondent-Appellee.

No. 00-6207

(D.C. No. 00-CV-325-W)
(W.D.Okl.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pursuant to 28 U.S.C. § 2253(c), petitioner Cecil William Townsend, a state prisoner, seeks a certificate of appealability to appeal the district court's

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissal of his federal habeas petition as time-barred. We deny a certificate of appealability and dismiss the appeal.

On June 2, 1998, Townsend pleaded guilty to attempting to obtain merchandise by false pretenses, unlawful possession of a credit card, display of an unlawful license, concealing stolen property, and obstruction of an officer, all after former conviction of two or more felonies, and on June 3, 1998, was sentenced to 20 years' imprisonment. The judgment and sentence became final on June 13, 1998. Townsend filed an application for post-conviction relief in state court on September 7, 1999. The state court denied relief, finding the application was procedurally barred because Townsend bypassed his right to appeal his convictions and offered no reason for his failure to timely appeal. [1] The Court of Criminal Appeals affirmed.

---

[1]    Under Oklahoma law, a defendant whose conviction is based upon a guilty plea must pursue an appeal to the Court of Criminal Appeals by petition for a writ of certiorari. *See* Okla. Stat. Ann. tit. 22, § 1051. To commence obtaining a writ of certiorari to appeal a guilty plea conviction, the petitioner must file an application to withdraw the plea within ten days of the judgment and sentence. *See* Okla. R. Crim. App. 4.2(A). In any event, he must file the petition for a writ of certiorari within 90 days of conviction. *See* Okla. Stat. tit. 22, § 1051. Failure to follow these procedural requirements prevents any further post-conviction relief unless petitioner shows a sufficient reason for the default.

Hickman v. Spears, 160 F.3d 1269, 1271-72 (10th Cir. 1999).

Townsend filed his federal habeas petition pursuant to 28 U.S.C. § 2254 on February 14, 2000, alleging his pleas were not knowingly and voluntarily entered, he was unconstitutionally denied a preliminary hearing, and the court lacked jurisdiction to accept his pleas. Respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). The district court adopted the magistrate's recommendation to grant respondent's motion to dismiss the petition as untimely filed.

Townsend had one year from entry of final judgment in which to exhaust state court remedies and file a federal habeas petition. See 28 U.S.C. § 2244(d)(1). He took no state court action to challenge his conviction until after the statute of limitations had run. When he did seek state relief, he did not avail himself of the state procedures that might have allowed him to pursue properly his state post-conviction remedies.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000) (emphasis added). Townsend makes no showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. The district court correctly

3

determined that the petition was procedurally barred and that there was no basis for equitably tolling the running of the period of limitation.

The request for a certificate of appealability is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

<div style="margin-left: 50%;">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>