**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES A. MERRELL, JR.,

Petitioner-Appellant,

v.

RANDALL G. WORKMAN, Warden,

Respondent-Appellee.

No. 06-6121
(D.C. No. 05-CV-1318-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Charles Merrell, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his

28 U.S.C. § 2254 petition for writ of habeas corpus. Merrell also requests

permission to proceed in forma pauperis (IFP) on appeal. Because we conclude

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders;
nevertheless, an order may be cited under the terms and conditions of 10th Cir. R.
36.3.

Merrell has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal. We grant his motion to proceed IFP on appeal.

Merrell was convicted by an Oklahoma state court jury of robbery in the first degree after former conviction of two or more felonies. He was sentenced to a forty-year term of imprisonment, and his conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA). Merrell sought state post-conviction relief, which was denied and affirmed on appeal. He then brought a § 2254 petition in federal district court, asserting ineffective assistance of appellate counsel[1] and denial of due process as a result of trial court errors.[2] After de novo review, the district court adopted the magistrate judge's report and recommendation, denying Merrell's petition for habeas relief. The district court

---

[1] In grounds one and two of his petition, Merrell contended that his appellate counsel was ineffective for failing to raise the following six claims on direct appeal: lack of jurisdiction; ineffective assistance of trial counsel; improper references to his post-arrest silence; failure to disclose evidence; denial of a speedy trial; and denial of his right of confrontation. He also claimed that his appellate counsel's ineffectiveness was "cause" for his procedural default of these underlying issues. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[2] In ground three of his petition, Merrell alleged a due process claim based on the following asserted trial court errors: prosecutorial misconduct; refusal of a requested jury instruction on eyewitness identification; and refusal of a requested jury instruction on hearsay.

also denied his request for a COA. Merrell now seeks a COA from this court, raising the same claims.[3]

In deciding whether to issue a COA, we limit our examination to "a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Our standard of review depends on whether the district court decided a claim on the merits or dismissed a claim on procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Where the district court rejects a constitutional claim on the merits, the "substantial showing of the denial of a constitutional right" required for issuance of a COA requires the petitioner to demonstrate that reasonable jurists would find the district court's assessment of his claims debatable or wrong. *Id.* at 484. Where the district court denied habeas relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether 1) the district court was correct in its procedural ruling; and 2) the petition states a valid claim for the denial of a constitutional right. *Id.* at 484-85. Here, the district court held that some of Merrell's claims were procedurally defaulted, and that the remaining claims failed to meet the strict standard for relief under § 2254.

---

[3] In his Application for Certificate of Appealability, Merrell organizes his claims somewhat differently than he did in his petition to the district court. However, based on a fair and liberal reading of his pleading, we conclude that he raises all of the same claims that he asserted below. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (construing pro se pleading liberally).

In state post-conviction proceedings, the OCCA held that six of Merrell's claims were procedurally barred because he did not raise them on direct appeal. Where a petitioner has procedurally defaulted a claim based upon independent and adequate state grounds, the claim may be raised in habeas only if the petitioner can demonstrate cause for the default and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In his district court petition, Merrell did not challenge the adequacy or independence of the procedural bar applied by the OCCA.[4] He did, however, assert that his appellate counsel's constitutionally ineffective assistance was "cause" for his default of these claims. *See Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998) ("Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default.").

In order to prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

---

[4] Nor did Merrell attempt to make a colorable showing of factual innocence, in order to establish a fundamental miscarriage of justice. *See Hickman v. Spears*, 160 F.3d 1269, 1275 (10th Cir. 1998).

The OCCA reviewed on the merits and denied Merrell's ineffective assistance of appellate counsel claim in state post-conviction proceedings. In doing so, the OCCA expressly applied the standard in *Strickland.* A district court reviewing a claim in a habeas petition must defer to the state court's prior adjudication, and may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Thus, the district court concurrently reviewed Merrell's ineffective assistance claim on the merits and analyzed whether it constituted cause for his procedural defaults. *See Hickman*, 160 F.3d at 1273. It held that Merrell failed to show he received constitutionally ineffective assistance of counsel in his direct appeal, and therefore Merrell also failed to establish cause for his procedural default of the underlying claims.

Merrell's remaining due process claims–relating to prosecutorial misconduct and the refused jury instructions–were reviewed on the merits and denied on direct appeal by the OCCA. In order to succeed in habeas on these claims, Merrell must establish that one or more errors so infected the trial with unfairness that the resulting conviction was a denial of due process. *See Smith v. Mullin*, 379 F.3d 919, 927-28 (10th Cir. 2004) (finding no denial of due process

as a result of prosecutor's improper statements); *Neely v. Newton*, 149 F.3d 1074, 1085-86 (10th Cir. 1998) (finding no denial of due process based on failure to give jury instruction). Again, the district court reviewed these claims on the merits, giving due deference to the prior state court decision under § 2254(d), and concluded there was no basis for habeas relief.

We have carefully reviewed petitioner's briefs, the magistrate judge's report and recommendation, the district court's disposition, and the entire record on appeal. Nothing in the facts, the record, or the briefs raises an issue which meets our standards for the grant of a certificate of appealability. We do not believe that reasonable jurists would find the district court's conclusions debatable or wrong, either as to the procedural default or as to the merits of Merrell's ineffective assistance of appellate counsel and the other non-defaulted claims. *Slack*, 529 U.S. at 484-85.

Merrell also seeks permission to proceed IFP in this appeal. In order to do so, he must show "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation marks omitted). The district court denied Merrell's motion for leave to proceed IFP because he failed to file the affidavit required by 28 U.S.C. § 1915(a)(1). Merrell has filed the necessary affidavit in this court and we

-6-

conclude that he has made reasoned, nonfrivolous arguments in support of some of his claims.

Because Merrell has failed to make a substantial showing of the denial of a constitutional right, we DENY his petition for a COA and DISMISS the appeal. His motion to proceed IFP is GRANTED.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
    Deputy Clerk