**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYWAN HYATT,

        Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

        Respondent-Appellee.

No. 12-6216

(W.D. of Okla.)

(D.C. No. 5:10-CV-01396-F)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Tywan Hyatt, an Oklahoma state prisoner proceeding *pro se*, pleaded guilty

in Oklahoma state court to a number of drug crimes. He then filed a 28 U.S.C.

§ 2254 petition with the federal district court for the Western District of

Oklahoma, in which he raised five claims attacking his convictions. Adopting the

recommendations of two magistrate judges, the district court denied four of

---

   [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

   [**] After examining the briefs and the record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The cause is therefore ordered submitted without oral argument.

Hyatt's claims on the merits and declined to reach the merits on the fifth, reasoning it had been procedurally defaulted.

Hyatt now seeks a certificate of appealability (COA) to permit this court to review the merits of these five claims. We have jurisdiction over these claims under 28 U.S.C. § 2253(a). Because Hyatt has failed to show that the district court's reasoning was incorrect or even debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny his petition for a COA and dismiss this matter.

## I. Background

Hyatt raises two lines of attack on his convictions, both of which involve allegations that his trial counsel was constitutionally ineffective. First, he alleges that his trial counsel's performance was deficient because his attorney failed to move to suppress evidence obtained incident to Hyatt's arrest. Second, he alleges trial counsel was ineffective for failing to challenge the sufficiency of the evidence adduced by the government.

As was related by the district court, Hyatt was arrested on October 28, 2009, after a confidential informant working for Oklahoma law enforcement ordered $200 worth of cocaine from Hyatt. The informant was to meet Hyatt at a designated location in Oklahoma City, but before the informant arrived, undercover law enforcement officers observed Hyatt leave the area in a car. The officers followed the car that Hyatt was in until it stopped in a Walmart parking lot. Officers then initiated what they termed a "voluntary contact" with Hyatt,

who was seated in the passenger seat of the car. After the officers had identified themselves as law enforcement, Hyatt reached down the back of his pants, which prompted the officers to draw their weapons. Officers then handcuffed Hyatt and inspected the back of his pants to determine if he had a weapon. Officers discovered 19.2 grams of cocaine in the course of the search, along with $320 in Hyatt's pocket. Officers then arrested Hyatt for trafficking a controlled dangerous substance (crack) and for possession of drug proceeds.

Hyatt does not dispute this version of his arrest and in fact recites much of the language from the district court's description of the arrest in his appellate brief. He nevertheless emphasizes that officers did not know who the confidential informant "allegedly spoke with prior to [Hyatt's] arrest" and that the officers had "no information" that Hyatt was in possession of a weapon. Aplt. Br. at 4-5.

As to his sufficiency argument, Hyatt contends that his attorney was constitutionally deficient for failing to challenge the evidence related to the manufacture of controlled substances charge. The record does not reveal much about this charge, aside from Hyatt's signed plea agreement and a transcript of the plea colloquy related to this charge. *See* R., Vol. I, at 62–63.[1]

---

[1] The record on appeal only contains the recommendation from the magistrate judge referencing documents related to Hyatt's guilty plea. *See* R., Vol. I, at 61–62. While these same documents are not part of the record on appeal, we have authority to review them because we can take judicial notice of public records, including district court filings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010); *see also Hyatt v. Rudek*, 5:10-cv-01396-F,

(continued...)

Hyatt never moved to withdraw his guilty pleas or appeal his convictions directly to the Oklahoma Court of Criminal Appeals (OCCA). He first raised the attacks on the constitutionality of his arrest and the sufficiency of the evidence in a petition for post-conviction relief in the state district court. The court ultimately denied Hyatt's petition, reasoning that all of his claims were procedurally barred, as they were not raised on direct appeal.

Hyatt then appealed the state district court's ruling to the OCCA. Hyatt raised an additional claim before the OCCA, alleging that his trial counsel was constitutionally ineffective for failing to consult with him concerning his filing of a direct appeal. The OCCA found Hyatt's ineffective assistance claims raised in the state district court to be procedurally barred because of Hyatt's failure to raise them on direct appeal. Further, the OCCA found the new ineffective assistance claim was procedurally barred because Hyatt raised it in the first instance on appeal.

Hyatt next raised these same claims in a habeas petition in federal district court. A magistrate judge, relying on our decision in *Hickman v. Spears*, 160 F.3d 1269 (10th Cir. 1998), determined that Hyatt's claims related to his arrest and sufficiency of the evidence were not procedurally barred because Hyatt

_____

[1](...continued)
Supplemental Response for Petition for Writ of Habeas Corpus (W.D. Okla. Nov. 1, 2011) (Doc. # 19).

alleged that the ineffective assistance of his trial counsel caused him to default on these claims.

At the same time, as to Hyatt's last claim, related to the ineffective assistance on his direct appeal, the magistrate judge determined the claim was procedurally barred. The magistrate judge reasoned that Oklahoma law required claims for post-conviction relief to be raised in the first instance at the state district court. Citing prior precedent from this court, the magistrate judge found this procedural bar was an independent and adequate state ground that precluded review of the claim. Despite being prompted to do so, Hyatt filed no objections to the magistrate judge's analysis on this last claim. The district court then adopted the magistrate judge's recommendation as to this claim and requested supplemental briefing from the state on the merits of the other four claims.

A second magistrate judge reviewed the merits of Hyatt's first four claims. The magistrate judge determined that the claims related to Hyatt's arrest failed because Oklahoma police did not violate Hyatt's Fourth Amendment rights when they arrested him. Thus, reasoned the magistrate judge, Hyatt could not establish prejudice under the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

As to the sufficiency of the evidence claim, the magistrate judge determined that there was sufficient evidence in the record demonstrating Hyatt knowingly and voluntarily pled guilty to the manufacture charge. To the extent

that Hyatt now attempted to attack the basis for this charge, the magistrate judge reasoned that Hyatt had merely identified possible defenses he could have advanced had he not pleaded guilty to this charge. The district court concluded this was not enough to raise a colorable ineffective assistance claim or to undermine the knowing and voluntary nature of Hyatt's guilty plea.

The magistrate judge therefore recommended that the district court deny all four of Hyatt's remaining claims. Hyatt filed an objection to this recommendation. Notwithstanding Hyatt's objections, the district court adopted in full the magistrate judge's recommendations and dismissed Hyatt's petition.

In his petition before this court, Hyatt reiterates the arguments advanced at the federal district court: namely, that his attorney's performance was constitutionally deficient because he failed to suppress evidence obtained from his arrest, that his attorney was constitutionally ineffective in failing to challenge the sufficiency of the evidence for the drug conspiracy charge, and that his attorney was ineffective by failing to consult with him about a possible appeal. We address each of these three claims in turn below.

## II. Analysis

As an initial matter, we note that at least two procedural bars apply to Hyatt's claim that his attorney was ineffective in failing to consult with him about a direct appeal of his conviction and guilty plea. First, as noted above, the OCCA declined to review this claim because, contrary to Rule 5.2(C) of the Rules of the

Oklahoma Court of Criminal Appeals, Hyatt initially raised the claim in appealing the state district court's denial of collateral relief, rather than raising it in the first instance in the state district court.

We have previously held that Rule 5.2(C) constitutes an independent and adequate state procedural bar to review a claim in federal habeas. *See, e.g.*, *Duvall v. Reynolds*, 139 F.3d 768 (10th Cir. 1998). Hyatt fails to explain how we are not bound by such precedent in his case. Further, Hyatt failed to object to the magistrate judge's determination that this procedural bar applied. He therefore waived his right to present this claim at this court. *See, e.g.*, *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).[2]

As to the other claims of ineffective assistance, even assuming that the state-law procedural bars do not apply, Hyatt's two claims fail, as the district court concluded.

*A. Warrantless Arrest*

Hyatt's first issue raised in his petition is that his counsel was ineffective by failing to move to suppress evidence obtained from his arrest. The district

---

[2] In *Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008), we noted that in a § 2254 proceeding, the state could forfeit the right to raise the argument that an untimely filed objection to a magistrate judge's recommendation could preclude review of the claim. The state has not raised this argument here, as it is not required to file a brief in this proceeding. *See* 10th Cir. R. 22.1(B). Rather, we have *sua sponte* raised and applied this procedural bar after affording Hyatt the opportunity to show cause as to why it should not apply. *See United States v. Allen*, 16 F.3d 377, 378–79 & n.2 (10th Cir. 1994).

court determined that this claim was without merit because there was no underlying Fourth Amendment violation in Hyatt's arrest. The court reached this conclusion by first applying the familiar framework used to address allegations of Fourth Amendment violations. Under this framework, a consensual encounter with police is not a seizure under the Fourth Amendment. In contrast, a *Terry* stop is a seizure but only requires reasonable suspicion that criminal activity "may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Further, under *Terry*, an officer may perform a search of a person engaged in such possible criminal activity if the officer believes the person "may be armed and presently dangerous" to the officer or the public. *Id*. Finally, an arrest is a seizure under the Fourth Amendment and must be supported by probable cause. *See, e.g.*, *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012).

Applying this framework to the facts of Hyatt's arrest, the district court determined that the officers' encounter began as consensual when the officers approached Hyatt, who was still in the passenger seat of the car the police had followed. The court further determined that the stop only became non-consensual when Hyatt reached down his pants and the officers, in response, drew their weapons and ordered Hyatt out of the car.

The district court concluded that the officers' actions were justified under *Terry* because they: (1) had reason to believe Hyatt had ordered drugs from a confidential drug informant, (2) had just observed Hyatt in close proximity to that

informant, (3) had reason to believe that those associated with the drug trade would be armed and dangerous, and (4) reasonably believed that Hyatt could have been reaching for a weapon when he reached into his pants. Finally, the district court concluded that the subsequent search of Hyatt's person, in which police discovered the drugs hidden in Hyatt's pants, was justified under *Terry* because the officers sought to determine whether Hyatt had been reaching for a weapon.

Hyatt alleges that the above analysis from the district court relies on a number of errors.[3] First, he attacks the credibility of the confidential informant and suggests that he was only sitting in his car sending text messages on his phone when the police drew their weapons. Second, he suggests that a finding that the above factual scenario is justified under *Terry* is contrary to the following decisions: *Washington v. Lambert*, 98 F.3d 1181 (9th Cir. 1996); *United States v. Melendez-Garcia*, 28 F.3d 1046 (10th Cir. 1994); *United States v. Robinson*, 932 F. Supp. 1271 (D.N.M. 1996); and *United States v. Infante-Ruiz*, 13 F.3d 498, 502–03 (1st Cir. 1994).

We see no error in the district court's legal analysis. As an initial matter, we note that there is no basis in the record to support Hyatt's suggestion that he was merely texting in his car when the officers drew their weapons and detained

_____

[3] Hyatt also makes several conclusory allegations that the district court's opinion is "intentionally structured" to deny him relief because of his race. He also suggests he was somehow prejudiced by the fact that two separate magistrate judges evaluated his claims. Since he provides no basis for these allegations, we decline to address them here.

him.   Further, there is ample authority to support the propriety of a stop under *Terry* when police encounter an individual reasonably believed to be involved in illegal activity, who then acts in a suspicious manner or reaches for a possible weapon when confronted by police.

The cases cited by Hyatt do not support a contrary conclusion.  First, *Lambert* is distinguishable because neither of the suspects had been closely affiliated with a possible drug transaction, police did not approach either of these men in an initially consensual encounter, and neither of these men had reached for what police might have thought was a weapon.  *Melendez-Garcia* and *Robinson* are similarly unavailing.  In those cases, the "quantum of force" used in the seizure, which was unprovoked by any suspicious actions on the part of the defendants, precluded police justification of the stop under *Terry*.  Here, the force used was prompted by Hyatt's suspicious actions and the force applied was less severe than in *Melendez-Garcia* and *Robinson*.  Finally, we fail to see how the First Circuit's decision in *Infante-Ruiz* supports Hyatt's position: this case dealt with claims unrelated to the legality of a *Terry* stop.

Thus, Hyatt cannot demonstrate that his attorney was ineffective in failing to move to suppress evidence obtained as a result of his arrest.  Police had justification under *Terry* to detain Hyatt and conduct a search for weapons on his person.  Raising the suppression motion in the first place would have been a fruitless exercise.

*B. Sufficiency of the Evidence*

Next, Hyatt attacks the sufficiency of the evidence used to convict him of the drug manufacturing charge. Because Hyatt pleaded guilty to this charge, the record is thin on the evidence that would have served to support it. What the record does reveal is that Hyatt wrote, apparently in his own handwriting, that the basis for this charge was that "[o]n 4 April 2007, I manufactured crack and had drug sales in OK Co. OK." *Hyatt v. Rudek*, 5:10-cv-01396-F, Supplemental Response for Petition for Writ of Habeas Corpus (W.D. Okla. Nov. 1, 2011) (Doc. # 19.1, at p. 4).[4] Further, as noted by the federal district court, in the plea colloquy in the state district court, Hyatt further admitted that the statement provided above was true and was conduct in which he had indeed engaged.

Hyatt does not suggest any impropriety in the manner in which the plea colloquy was conducted, nor does he dispute that he provided an adequate factual basis for his guilty plea by conceding to manufacture drugs. Rather, Hyatt faults his attorney for failing to identify and consult with him about a possible defense to the drug manufacture charge.

As an initial matter, we note that there is nothing in the record to support Hyatt's suggestion that all the evidence that served as the basis for the drug manufacture charge was obtained from the search of the residence in question.

---

[4] As noted above, *supra* note 1, we have taken judicial notice of certain records presented in the district court.

Nor can Hyatt substantiate his claim that he was only loosely affiliated with that residence. Indeed, aside from the short narrative Hyatt provides in his brief, there is nothing in the record explaining how police came to bring the drug manufacture charges against Hyatt.

Nevertheless, even assuming Hyatt provides an accurate description of the state's case, he only discovered this potential defense to one of the four charges addressed in his plea agreement *after* he had pleaded guilty. That is not enough either to give rise to an ineffective assistance of counsel claim or to undermine the knowing and voluntary nature of a plea. *See, e.g.*, *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) ("The record shows that [the defendant] entered into the plea agreement . . . knowingly and voluntarily . . . That [the defendant] may have been unaware of the fact that he had an affirmative defense . . . does not alter this analysis."). Accordingly, this claim fails.

## III. Conclusion

Based on the foregoing analysis, we DENY petitioner's application for a COA and DISMISS this matter.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge

-12-